CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:13CR00038-3 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| KEARRAH MONIQUE JONES, | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Defendant Kearrah Monique Jones was found guilty following a six-day trial of conspiracy to distribute 28 grams or more of crack cocaine and was sentenced to 120 months in prison. She filed a motion to vacate, set aside, or correct her sentence, under 28 U.S.C. § 2255, raising multiple claims of ineffective assistance of counsel. The government responded and Jones replied, making this matter ripe for adjudication. In addition, Jones filed an amended § 2255 motion challenging the constitutionality of the statutes under which she was indicted and found guilty. After review of the record and briefs, the court concludes that Jones has not raised any meritorious claims. Accordingly, the court will grant the United States' motion to dismiss and dismiss Jones' § 2255 motion and amended § 2255 motion.

## I. BACKGROUND

On September 26, 2013, a federal grand jury sitting in Roanoke, Virginia charged Jones and five codefendants in a one-count superseding indictment with conspiracy to distribute and possess with the intent to distribute 280 grams or more of a mixture or substance containing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846.

Jones was appointed counsel. On January 21, 2014, Jones and four codefendants proceeded to trial.[1] The government argued that Jones was involved in a crack cocaine trafficking conspiracy run by her two brothers and that she oversaw the conspiracy after her brothers were incarcerated. Tr. Trans. at 75, ECF No. 402. In addition, the police had a confidential informant purchase cocaine from Jones on three occasions. Tr. Trans. at 138, ECF No. 403; Tr. Trans. at 151-52, ECF No. 400. Following the close of the government's case, defense counsel moved for judgment of acquittal, arguing that the government had failed to establish that the conspiracy involved 280 grams or more of crack cocaine. Tr. Trans. at 109-110, ECF No. 400. Defense counsel also argued in her closing statement that the government had proved neither that Jones was involved in the conspiracy nor that she was responsible for 280 grams of crack cocaine. Tr. Trans. at 93, ECF No. 402, Tr. Trans. at 50-51, ECF No. 404. This motion was denied. Id. at 111-12.

The jury was tasked with determining whether Jones was guilty of conspiracy to distribute crack cocaine; and, if so, whether the conspiracy involved 280 grams or more of crack cocaine or, in the alternative, 28 grams or more of crack cocaine. The jury found Jones guilty of the lesser included offense of conspiracy to distribute 28 grams or more of crack cocaine. Verdict, ECF No. 274.

The Probation Department prepared a presentence investigation report ("PSR") in anticipation of sentencing. The PSR recommended a total offense level of 36, which included a two-point enhancement for being an organizer or leader in the conspiracy. PSR at ¶¶ 55 & 60, ECF No. 342. The PSR provided for a criminal history category of IV,

---

[1] One codefendant, Joshua Tyree Poindexter, pleaded guilty and testified at trial as the prosecution's main witness.

resulting in an imprisonment range of 262 to 327 months. Id. at ¶ 101. Defense counsel made numerous objections to the PSR, including an objection to the drug weight attributed to Jones. Id. at 25. Counsel argued that Jones should not be held responsible for any drug sales before she joined the conspiracy, no witness at trial reported her involvement in the conspiracy before November 2012, and only one witness alleged her involvement before January, 2013. A probation officer responded that the evidence at trial established that Jones had been involved in the conspiracy from the beginning. Counsel also objected to the two-point enhancement, claiming that Jones was not a manager of the conspiracy, but the probation officer concluded that the enhancement was appropriate.

Defense counsel filed a sentencing memorandum in which counsel argued, again, that there was no evidence that Jones was involved in the conspiracy from its inception in 2005. Sent. Mem. at 1, ECF No. 324. Counsel noted that although search warrants had been executed on residences in which Jones lived with other family members, and in which drugs were found, there was no evidence that any illegal material seized belonged to Jones. Accordingly, counsel argued that the correct drug quantity should be that found by the jury, between 28 and 279 grams of crack cocaine. Id. at 3. Counsel also challenged, again, the two-point enhancement for being a leader or manager of the conspiracy. Id.

On June 23, 2014, the court held a sentencing hearing in which defense counsel again asserted her objection to the drug quantity attributed to Jones in the PSR. Sent. Hr'g. Tran. at 15, ECF No. 406. The government responded that Jones participated in three telephone calls in which a total of 504 grams of crack were discussed. Id. at 17. In addition, 1.1 kilograms of crack were seized from members of the conspiracy after August 2012. Id. at

3

18. Accordingly, the government argued that "based on direct hands-on involvement . . . 840 grams is just not a stretch." Id. at 20-21. The court overruled defense counsel's objections to the quantity of drugs attributable to Jones. Id. at 25. The court then sentenced Jones to 120 months' imprisonment. Judgment at 2, ECF No. 337. The court imposed a downward variance, concluding that although her participation in the conspiracy was considerable, it was much less than her brothers. Sent. Hr'g. Tr. at 119, ECF No. 406.

Jones appealed, claiming that the trial court erred by sua sponte submitting to the jury a special verdict form that permitted the jury to make an alternative drug weight finding, admitting audio recordings of jailhouse conversations, ordering forfeiture and imposing an unreasonable sentence. United States v. Jones, 622 F. App'x 204 (4th Cir. Aug. 24, 2015). The Fourth Circuit affirmed on all claims. Id. Jones timely filed this § 2255 motion, asserting that trial counsel erred by: (1) failing to challenge the PSR's drug quantity finding as not supported by the record and failing to object to the sentencing court's adoption of the PSR and drug quantity finding, including the amount of drugs seized and attributed to her; and (2) failing to argue that any drug activity occurring before Jones joined the conspiracy should not be attributed to her.[2] In addition, Jones filed a motion to amend/correct her § 2255 motion, in which she argues that the 21 U.S.C. §§ 841 and 851 are unconstitutional because they do not include penalty provisions and 21 U.S.C. § 846 is unconstitutionally

---

[2] Jones also argued that she was entitled to relief under Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), in which the Supreme Court concluded that a portion of the Armed Career Criminal Act was void for vagueness. However, Jones moved to "drop the Johnson/Beckles claim" because she recognized that "it doesn't apply to me." Letter at 1, ECF No. 506. Accordingly, the court will not address Jones' Johnson claim; this is appropriate as Jones was not sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), or under the Career Offender guideline, U.S. Sentencing Guideline § 4B1.2.

4

vague because it does not adequately inform citizens of the conduct that the conspiracy statute proscribes.

## II. DISCUSSION

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that the sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Jones bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### A. Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: the defendant must show both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. Id. at 669. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the

5

proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

(1) <u>Failure to Object to Drug Weight</u>

Jones argues that trial counsel failed to object both to the PSR's calculation of drug weight and the evidence on which it relied and the court's adoption of the PSR. These claims are without merit.

Although the jury concluded that Jones was guilty of conspiracy to distribute between 28 and 279 grams of crack cocaine, the PSR concluded that, based on relevant conduct, Jones was responsible for distribution of 1.4 kilograms of crack cocaine as part of a broad drug conspiracy. PSR ¶ 46, ECF No. 342. Contrary to Jones' claim, her defense counsel vigorously opposed the drug weight calculation at multiple stages of the proceeding. At trial, counsel moved for acquittal, arguing that Jones got involved in the conspiracy very late, and that most of the criminal conduct had already occurred by that time; counsel also argued, in closing, that the jury should consider the amount of drugs that could be attributable to Jones, herself. Tr. Tran. at 49-50, ECF No. 404. In addition, counsel objected to the PSR's finding that the conspiracy was responsible for 1.4 kilograms of crack, arguing that Jones joined the conspiracy in 2012 or 2013, well after most of the drug dealing at issue in the conspiracy had occurred. PSR at 25, ECF No. 342. Counsel again raised the drug amount at the sentencing hearing, arguing that the PSR "invites the Court to add drug quantity, we would submit, with very little evidence, and not even enough evidence to rise to the level of a preponderance." Sent. Hr'g Tr. at 15, ECF No. 406. However, the court overruled the objection "essentially for the reasons stated in the [PSR]," and found that Jones was involved

in the conspiracy at least as of November 2007. Sent. Hr'g Tr. at 25, ECF No. 406. It concluded that the "1.4 kilograms of crack cocaine that was seized during the course of the conspiracy, that was just seized alone, is really a conservative . . . estimate of the amount of crack cocaine involved, and it establishes a base offense level of 34." Id.

Finally, in Jones' appeal to the United States Court of Appeals for the Fourth Circuit, counsel argued that Jones' sentence was unreasonable because the PSR "double- and triple-counted drug quantities." Jones, 622 F. App'x at 208. The Fourth Circuit rejected counsel's argument and concluded that the "[e]vidence in the record satisfies the minimum threshold to warrant a base offense level of 34," corresponding to a drug quantity of at least 840 grams of crack cocaine. Id.

Jones argues that the court incorrectly found that 1.4 kilograms were seized when, in fact, only 267.7 grams of crack cocaine were seized. The PSR concluded that the conspiracy involved 1.4 kilograms of crack cocaine based on "controlled buys, searches, and arrests, as well as the amount trial witnesses testified to buying or seeing." PSR ¶ 46, ECF No. 342. Jones further argues that these trial witnesses were unreliable and the court should not have credited their testimony. This argument is unavailing. First, a defendant convicted of conspiracy may be held accountable for all drugs attributable to all members of the conspiracy, if reasonably foreseeable to the defendant. See United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999) (noting that "the district court may attribute to the defendant the total amount of drugs involved in the conspiracy, provided the drug quantities were reasonably foreseeable to the defendant and are within the scope of the conspiratorial agreement"); United States v. Sesere, 413 F. App'x 653, 659 (4th Cir. 2011) (unpublished).

7

Accordingly, even if 1.4 kilograms represents the amount of crack cocaine for which the conspiracy was responsible and not the amount of drugs actually seized, the court did not err by relying on that amount. It is well established that a court may "approximate the quantity of the controlled substance" attributable to the defendant using only "uncertain witness estimates" as long as it imposes a sentence "at the low end of the range" of such estimates. United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013); U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.5. The court applied a base offense level of 34, corresponding to 840 grams of crack cocaine, an amount less than the 1.4 kilograms of crack cocaine for which it found the conspiracy was responsible.

Defense counsel objected to the court's finding in an appeal to the Fourth Circuit, challenged the reliability of witness testimony and the drug weight attributed to Jones. The Fourth Circuit concluded, however, that Jones had failed to show that the district court "relied on unreliable information" and that the "[e]vidence in the record satisfied the minimum threshold to warrant a base offense level of 34." Jones, 622 F. App'x at 208. Issues raised and decided by the Fourth Circuit may not be revisited on collateral review. United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009). Accordingly, Jones has not established that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

(2) Failure to Object to Jones' Late Entry into the Conspiracy

Next, Jones argues that her counsel erred by failing to object to the PSR's and the court's conclusion that she participated in the conspiracy from the beginning. However, counsel did, in fact, make this argument. As explained above, counsel repeatedly argued that

Jones joined the conspiracy after her brothers were incarcerated and after much of the criminal conduct at issue in the case had already occurred. As a result, counsel argued that the amount of drugs attributed to her should be much less than for her codefendants.

However, contrary to Jones' assertions and over her counsel's objections, the court found that Jones was involved in the conspiracy from at least 2007. Sent. Hr'g Tr. at 25, ECF No. 406. The court went on to support its finding that the conspiracy involved 1.4 kilograms of crack by concluding that "it was reasonably foreseeable to each of these defendants that this – the size and scope of this conspiracy, including Kearrah [Jones], essentially for the reasons stated in the presentence report." Id. The Fourth Circuit affirmed the trial court's drug weight determination. Accordingly, Jones cannot establish either deficient performance or prejudice. Strickland, 466 U.S. at 687.

### B. Constitutionality of 21 U.S.C. §§ 841 and 846

Jones filed an amended § 2255 motion on April 12, 2017, in which she argues that the two federal statutes under which she was indicted, and found guilty by a jury, are unconstitutional.[3] Specifically, she claims that 21 U.S.C. § 841, which criminalizes the manufacture, distribution or possession of controlled substances, and provides for statutory mandatory minimum or maximum sentences, depending on the quantity of controlled substances involved, is unconstitutional because it "fails to provide a penalty" but instead "allows the judge to make the decision [regarding the drug weight involved] that determines the statutory sentencing maximums by a preponderance of the evidence." Amend. § 2255

---

[3] Jones also argues that 28 U.S.C. § 851 is unconstitutional. However, she was never charged under that statute and therefore, has no standing to challenge it. See Secretary of State of Maryland v. Joseph H. Munson Co., 467 U.S. 947, 955 (1984) (noting that plaintiffs must assert their own legal rights and interests and establish that they have suffered a concrete injury in order to be able to bring suit).

9

Mot. at 2, 3, ECF No. 538. In addition, Jones argues that 21 U.S.C. § 846, which criminalizes attempt and conspiracy offenses, is unconstitutionally vague. Id. at 4. First, these claims must be dismissed because they are untimely. Jones filed her amended § 2255 motion after the expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2255(f)(1) and after the government responded to her original § 2255 motion. Once a responsive pleading has been filed, a petitioner may amend a § 2255 petition "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a)(2). Jones has not received such permission.

However, even if the court were to address her claim on the merits, she would not be entitled to relief. In United States v. McAllister, the defendant argued that § 841 impermissibly allowed the sentencing judge to determine drug quantity as opposed to a jury. 272 F.3d 228, 232 (4th Cir. 2001). The Fourth Circuit expressly rejected this argument and concluded that "§ 841 is not facially unconstitutional." In addition, the Fourth Circuit has rejected a constitutional challenge to § 846. United States v. Bullock, 21 F. App'x 109, n. 3 (4th Cir. 2001)(finding "unavailing" the defendant's claim that § 846 is unconstitutional). Therefore, these arguments are foreclosed.

### III.

For the reasons stated, the court **GRANTS** the government's motion to dismiss, ECF No. 483, and **DISMISSES** Jones' motion and amended motions to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, ECF No. 469 & 538. Because Jones has failed to make a substantial showing of the denial of a constitutional right as required by 28

U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED**.

ENTER: This 19th day of April, 2017.

/s/ Michael F. Urbanski
United States District Judge